FILED
SEP 08 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LEONARD QUIVER, | ) | CIV. 08-5064-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AFFIRMING |
| | ) | ADMINISTRATIVE LAW |
| MICHAEL J. ASTRUE, | ) | JUDGE |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Leonard Quiver (Quiver) commenced this action seeking review of the Commissioner's determination that he is not disabled and therefore not entitled to Social Security benefits. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

Quiver was born November 25, 1945. Administrative Record (AR) 418. He is college educated. AR 374, 419. His past employment positions include telemarketer, residential care provider and counselor to dysfunctional children, lecturer, alcoholism counselor, landscaper, Lakota language instructor, and ranch hand. AR 374.

Quiver initially filed for supplemental security benefits in September of 2000. AR 14-15. With regard to this claim, Quiver alleged that he was disabled due to

"back pain, arthritis, residual effects of acute polio, residual effects of a stroke, alcohol abuse, and vision problems." AR 15. This claim was denied both initially and upon reconsideration. AR 14. Quiver then requested a hearing before an administrative law judge (ALJ). AR 19. In a decision dated October 22, 2001, the ALJ found that Quiver possessed the ability to perform his past relevant work as a telemarketer and was not eligible for benefits. AR 19. This denial was appealed to the United States District Court for the District of South Dakota and was assigned to Chief Judge Karen E. Schreier. CIV. 02-5029. The decision of the ALJ was affirmed. CIV. 02-5029, Docket #19. Quiver appealed the affirmation to the Eighth Circuit Court of Appeals, which also affirmed the ALJ's determination. CIV. 02-5029, Docket #22.

On October 31, 2001, Quiver filed another application for supplemental security income benefits. AR 372. This claim was also denied initially and upon reconsideration. AR 471. He requested a hearing before the ALJ. AR 471. On May 7, 2003, an evidentiary hearing was held before an ALJ. AR 471. Based upon the record and the testimony received, the ALJ determined that Quiver suffered from the impairments of chronic neck and back pain, post-polio syndrome affecting his left lower extremity with hyperextension of the left knee, plantar flexure contractures of the left foot with decreased dorsiflexion, scoliosis, degenerative joint

disease, osteoporosis of the lumbar spine, and an effective disorder, but that these impairments were not severe. AR 473. The ALJ found that despite these impairments, Quiver could still perform his past relevant work as a telephone solicitor. AR 480. As a result, the ALJ determined that Quiver was not disabled. AR 480. This determination was issued on January 6, 2004. AR 480.

Having exhausted his administrative remedies, Quiver filed an appeal with the District Court for the District of South Dakota on May 5, 2005. CIV. 05-5029. On August 10, 2005, the Commissioner moved to remand the action for further proceedings. CIV. 05-5029, Docket #12. This motion was granted and the action was remanded to the Social Security Administration for further evaluation. CIV. 05-5029, Docket #14.

Upon remand, the Appeals Council vacated the decision rendered on January 6, 2004, and required an additional evidentiary hearing to be held to further explore the extent of Quiver's impairments and his residual functional capacity (RFC). AR 613-615. The matter was assigned to a different ALJ.

A second evidentiary hearing was held on May 9, 2006. AR 373. At the time of the hearing, Quiver was approximately 60 years old. AR 374. In an opinion dated June 22, 2006, the ALJ first determined that due to the prior claim for benefits, the earliest date of eligibility for benefits was October 31, 2001. AR 375. The ALJ

then found that Quiver suffers from the impairments of chronic obstructive pulmonary disease, osteoporosis of the lumbar spine, degenerative joint disease of the thoracic and lumbar spine, a history of post-polio syndrome with left leg atrophy, plantar flexure contractures of the left foot with decreased dorsiflexion, scoliosis, and a history of a CVA in 1994 with mild residuals. AR 376. The ALJ specifically noted that Quiver did not suffer from a mental impairment. AR 376. Next the ALJ recited Quiver's treatment since October 31, 2001. AR 377-383. The ALJ stated, "[a]fter his hearing of May 2003, the record provides the claimant has sought little medical treatment of the course of three years time to his current hearing, but rather records indicate treatment has been essentially routine and/or conservative in nature . . ." AR 383. The ALJ also discussed the credibility of Quiver's complaints of pain and assertions of his abilities. AR 383. In doing so, the ALJ noted that, "[w]ith a prior Administrative Law Judge finding in 2001 of 'not disabled,' which was affirmed at the District Court and Court of Appeals level, a presumption of 'not disabled' is created." AR 383. Citing the lack of medical treatment and periods during which Quiver did not partake of any medications for his symptoms, the ALJ determined that Quiver's complaints of disabling symptoms were not credible. AR 385. The ALJ then found that Quiver retained the RFC for a

sedentary exertional level. AR 385. Specifically, the ALJ found that Quiver could do the following:

> stand and/or walk for 4 hours in an 8-hour workday, who should be allowed an ability to alternate between sitting and standing/walking every ½ to 1 hour, who is limited in use of his left leg to operate foot controls to no more than 5 pounds pushing and pulling, who can occasionally climb ramps and stairs but should never have to climb ladders or scaffolds, who can occasionally stoop and kneel but should never have to crouch or crawl, who can perform fine and gross manipulation with the right hand on a frequent basis only, and who should not be subjected to concentrated exposure to extreme cold, hea[t], wetness, humidity, pulmonary irritants such as fumes, odors, dusts, gases, poor ventilation and things of that nature, or hazards of the workplace such as unprotected heights, dangerous machinery and things of that nature.

AR 385. Based upon this RFC, the ALJ concluded that Quiver "could return to his past relevant work as a telemarketer as previously performed and as generally performed in the national economy." AR 386. As a result, Quiver's application for benefits was denied. AR 386.

Quiver commenced this action on August 4, 2008, having exhausted his administrative remedies, seeking review of the denial of his application for benefits. Quiver alleges that the ALJ erred in applying a presumption of "not disabled" based upon the 2001 determination. Quiver further alleges that the ALJ erred in determining that Quiver's complaints were not credible.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. See Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. See Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993).

The Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher v. Sullivan, 986 F.2d 725,

727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. See Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. See Smith, 987 F.2d at 1374.

## DISCUSSION

Quiver's first allegation is that the ALJ erred in stating that there was a presumption that he is "not disabled" due to the previous denial of his claim for benefits. The Commissioner does not dispute that there is no presumption of "not disabled" due to Quiver's prior claims. Nonetheless, the Commissioner argues that the ALJ's assertion of the existence of a presumption of "not disabled" is harmless error as Quiver was not prejudiced by the error. Quiver contends that the ALJ never notes that his review is de novo and therefore, the matter must be remanded.

The ALJ stated at the beginning of his decision that he is examining the period of time beginning with the date of Quiver's application of October 31, 2001, and not including the time period covered by the prior claim for disability. AR 375. The ALJ then proceeded through each step of the evaluation process, never relying on the prior findings, but rather, coming to an independent conclusion at each step. Quiver

7

contends that the ALJ erred when applying the presumption in the credibility determination. Despite inaccurately stating that there was a presumption of "not disabled," the ALJ noted each of the factors that he was to consider pursuant to Social Security Ruling 85-16 and Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), when evaluating Quiver's credibility. AR 380. At no point during this process did the ALJ merely adopt the opinion of the previous ALJ. Quiver's claim was evaluated based upon the merits of the record before the ALJ and not based upon the previous decisions made by another ALJ. Quiver was not prejudiced by the ALJ's error in stating a presumption exists. Accordingly, the Court finds that the ALJ's assertion that there is a presumption of "not disabled" was harmless error.

Quiver also asserts that the ALJ erred when he rejected Quiver's claims of impaired fine and gross motor abilities with his right hand. In determining that Quiver's claims were not credible, the ALJ considered "(i) the claimant's activities of daily living; (ii) the location, duration and frequency and intensity of pain or other symptoms; (iii) precipitating and aggravating factors: (iv) the type, dosage, effectiveness and side effects of medications taken to alleviate pain or other symptoms; (v) treatment, other than medication, for the relief of pain or other symptoms; (vi) any measures other than medication used to relieve pain or the other symptoms; and (vii) any other factors concerning functional limitations and

8

restrictions due to pain or other symptoms produced by the medically determinable impairments." AR 380 (citing SSR 85-16; Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)). In reviewing these factors, the ALJ noted that in 2002, "claimant reported he attends to his personal needs and hygiene, and cares for his 12 year-old-daughter independently. He performs all housekeeping tasks, prepares meals, shops, utilizes public transportation, and was currently writing a collection of stories." AR 381. The ALJ also noted that Quiver had been horseback riding in October of 2001, the beginning of the period of alleged disability. AR 382. Additionally, the ALJ referred to the fact that Quiver's physicians had recommended physical therapy but that Quiver only attended two sessions. AR 382. The ALJ further stated that "the record provides the claimant has sought little medical treatment over the course of the three years time to his current hearing. . . ." AR 383. The Eighth Circuit has held that "[a] failure to follow a recommended course of treatment also weighs against a claimant's credibility." Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005). As a result, the Court finds that the ALJ's credibility determination is supported by the record.

Quiver argues that the ALJ did not fully consider the evaluation done by Dr. Stone in 1999. The record, however, reflects that the pertinent period of evaluation for disability commenced October 31, 2001 - over two years after Dr. Stone's

9

evaluation of Quiver. Moreover, the medical records during the time period in question reflect that Quiver was able to perform fine and gross manipulation with his right hand. In May of 2002, Dr. Waltman noted, "[o]n examination of his hands there are no gross deformities noted. His grip stength appears to be symmetrical and intact. He is able to button his shirt satisfactorily. Although he has a little bit more problems buttoning his left cuff link with his right hand. He has full range of motion of his fingers and his shoulders." AR 710. On October 25, 2002, Dr. Mills noted "[f]ine motor and coordination aspects are grossly intact even including finger nose with eyes closed." AR 779. The medical records from the relevant time period simply do not support a finding of disability. Despite Quiver's complaints, he failed to utilize the medications and treatment available to him. This failure to treat belies his claims of a disabling condition. The Court finds that the ALJ's determination of not disabled is supported by substantial evidence.

## CONCLUSION

As stated previously, the Court is obligated to affirm the decision of the ALJ as long as it is supported by substantial evidence. Smith, 987 F.2d at 1374. Here, the ALJ has thoroughly reviewed the medical evidence and made an independent determination. As a result, the Court finds that substantial evidence supports the

conclusions of the ALJ and affirms the ALJ's determination of not disabled.

Accordingly, it is hereby

ORDERED that the motion to reverse the ALJ (Docket #1) is denied.

Dated this 8th day of September, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE